# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| MALCOLM RENWICK AND RENWICK & ASSOCIATES, P.C., <br> Plaintiffs, <br><br> v. <br><br> ARCHER D. BONNEMA, et. al,. <br> Defendants. | § <br> § <br> § <br> § CIVIL ACTION NO. 2:08-CV-337 (TJW) <br> § <br> § <br> § <br> § <br> § |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Milliman, Inc.'s Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b). (Dkt. No. 21) Having considered the Motion and related briefing, the Court DENIES the Motion for the reasons set forth below.

**I.   BACKGROUND**

Plaintiffs filed this civil Racketeer Influenced and Corrupt Organizations ("RICO") action against Milliman and others on September 3, 2008. Plaintiffs allege that the defendants in this case devised a scheme to sell life insurance policies shrouded in the cloak of a "multiple employer welfare benefit plan" called "The Millennium Plan" ("the Plan"). The Plan, Plaintiffs allege, was purported to be an ERISA plan that qualified as a "10 or more employer plan." Plaintiffs allege that investors in the Plan were told that later in life they could withdraw their invested funds to meet various needs. Plaintiffs allege, however, that 100% of the invested funds were used to purchase life insurance policies which generated enormous commissions for the promoters. Plaintiffs maintain the defendants knew the Plan is not a valid ERISA plan, and does not qualify as a special tax investment under IRC § 419A(f)(6). Plaintiffs claim the Plan was devised solely to facilitate the sale of life insurance polices that generated commissions and fees for the defendants.

Defendant Milliman is a firm of actuaries. Plaintiffs allege Milliman actively participated in the fundamental operation of the Plan by devising and implementing phony ratings groups that were used to deceive Plan participants. Plaintiffs bring claims for violations of 18 U.S.C. § 1962(c) and (d); breach of fiduciary duty; unjust enrichment; violations of chapter 541 of the Texas Insurance Code; violations of the Texas Deceptive Trade Practices Act; and conspiracy. Milliman now seeks dismissal of all claims against it.

## II. LEGAL STANDARD

The legal standard for dismissing claims under FED. R. CIV. P. 12 ("Rule 12") is well established. Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court has held that a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, but the plaintiff's obligation to state the grounds of entitlement to relief requires "more than labels and conclusions." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-65 (2007). The factual allegations must be sufficient to raise a "right to relief above the speculative level." *Id.* at 1965. The Court must assume that the allegations in the complaint are true. *See id*; *Neitzke v. Williams,* 490 U.S. 319 (1989). "What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations." *Id.* at 328. The "issue is not whether [the plaintiffs] will ultimately prevail, but whether [they are] entitled to offer evidence to support [their] claim." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

"Claims under RICO, 18 U.S.C. § 1962, have three common elements: '(1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise.'" *St. Germain v. Howard*, __ F.3d __, (5th Cir. 2009), 2009 WL

117944 at *1 (internal citations omitted). A pattern of racketeering consists of two or more predicate criminal acts. *Id.* Mail fraud and wire fraud are such predicate acts. *Id.*

### III. DISCUSSION

#### A. RICO Claims

Liability under section 1962(c) requires two or more predicate acts of racketeering. *Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007). Mail fraud and wire fraud are such predicate acts. Milliman argues that the court should dismiss Plaintiffs' § 1962(c) civil RICO claim against it because Plaintiffs fail to allege facts that, if proven true, could show Milliman committed mail or wire fraud, or any other predicate act of racketeering activity. Specifically, Milliman argues that Plaintiffs fail to allege facts sufficient to state a claim against Milliman for mail fraud, therefore, their RICO claim must be dismissed.

Milliman argues that Plaintiffs claims for mail and wire fraud fail because Plaintiffs did not plead that they detrimentally relied on the alleged misrepresentations, or that the Milliman intended to defraud. The Fifth Circuit, however, recently overturned precedent requiring such reliance. "No reliance requirement exists for civil causes of action under RICO for victims of mail fraud." *St. Germain v. Howard*, __ F.3d __, (5th Cir. 2009), 2009 WL 117944 at *1 (citing *Bridge v. Phoenix Bond & Indem. Co.*, --- U.S. ----, 128 S.Ct. 2131, 2139-40 (2008). Additionally, Plaintiffs' complaint and RICO Case Statement sufficiently allege intent.

Milliman further argues that Plaintiffs have not adequately alleged that Milliman participated in the Operation and Management of a RICO enterprise. *See Reves v. Ernst & Young*, 507 U.S. 170, 173 (1992). Milliman's interpretation of *Reves*, however, is much too narrow. In *Reves*, the Supreme Court made clear that "operation and management" does not necessarily mean only those

3

with primary responsibility, but also includes those who had "some part" in directing the enterprise:

> In order to "participate, directly or indirectly, in the conduct of such enterprise's affairs," one must have some part in directing those affairs. Of course, the word "participate" makes clear that RICO liability is not limited to those with primary responsibility for the enterprise's affairs, just as the phrase "directly or indirectly" makes clear that RICO liability is not limited to those with a formal position in the enterprise, but *some* part in directing the enterprise's affairs is required.

*Id.*

Milliman also argues that Plaintiffs have failed to sufficiently plead allegations under 18 U.S.C. § 1962 (d). Section 1962 (d) makes it unlawful "to conspire to violate any provisions of subsection (a), (b), or (c) of this section." A complaint claiming such an violation must allege an agreement to commit predicate acts of racketeering. Milliman urges Plaintiffs have failed to plead such an agreement. The court rejects that argument. A review of the complaint and RICO Case Statement shows that Plaintiffs have sufficiently plead a violation under 1962 (d) against Milliman.

Finally, the Court addresses Milliman's motion to dismiss Plaintiffs' fraud claims under Rule 9(b) for failure to state the circumstances allegedly constituting the fraud with particularity. Milliman seeks pleadings beyond what is required by Rule 9(b), however. "Rule 9(b) does not require nor make legitimate the pleading of detailed evidentiary matter." *Landry v. Air Line Pilots Ass'n Int'l*, AFL-CIO, 901 F.2d 404, 430 n. 92 (5th Cir. 1990). Plaintiffs have plead sufficiently under FRCP 9(b), in that the allegations are supported by the "particulars of time, place and contents." *See Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992). Indeed, Plaintiffs' sixty page complaint is quite detailed and certainly puts Milliman on notice of the substance of Plaintiffs' fraud claims.

### B. State Law Claims

Milliman next argues that all of Plaintiffs' state law claims should be dismissed for being

insufficiently plead. First, Plaintiff brings a state law claim for breach of fiduciary duty. Milliman argues it can not as a matter of law be a fiduciary to Plaintiffs, who did not even know Milliman's identity at the time Milliman was rendering actuary services for the Millennium Plan. As Plaintiffs point out, that is irrelevant. Under Texas law, "where a third party knowingly participates in the breach of a duty of a fiduciary, such third party becomes a joint tortfeasor with the fiduciary and is liable as such." *Meadows v. Hartford Life Ins. Co.*, 492 F.3d 634, 639 (5th Cir. 2007). Plaintiffs have sufficiently plead to establish a claim for knowing participation in a breach of fiduciary duty.

Next, Milliman seeks dismissal of Plaintiffs' unjust enrichment claims, arguing it never obtained any money directly from the plaintiffs. That is irrelevant for a claim alleging unjust enrichment. Plaintiffs allege that Milliman received money as a result of the Plan's fraud. Compl. at 6.79. A party may recover under an unjust enrichment theory "when one person has obtained a benefit from another by fraud, duress, or the taking of undue advantage." *Heldenfel Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992). Plaintiffs plead facts sufficient to establish a claim for unjust enrichment.

Milliman argues Plaintiffs' claims under the Texas Insurance Code and DTPA should be dismissed because Milliman is not in the "business of insurance," nor did it make any misrepresentations. The case Milliman cites to support its argument has little if any relevance in the instant case. In *Dagley v. Haag Engineering Co.*, 19 S.W.3d 787 (Tex. App.–Houston [14th Dist.] 2000, no pet.), the Texas Supreme Court held that an engineer was not in the "business of insurance" when he did not participate in the sale or servicing of the policies, make representations about the policies, or adjust any claims. The core of the instant case, however, is the transactions alleged to be disguised sales of life insurance. Plaintiffs have alleged that Milliman played a key role in the

5

scheme. Milliman's argument, therefore, is unpersuasive. Violations of the Texas Insurance Code and DTPA have been sufficiently plead to survive a motion to dismiss.

Finally, Milliman argues that Plaintiffs have not sufficiently plead their allegations regarding conspiracy and/or agency. The elements of conspiracy in Texas are: 1) the defendant was a member of two or more persons; 2) the object of the combination was to accomplish an unlawful purpose, or a lawful purpose by unlawful means; 3) there was a meeting of the minds on the course of action; 4) an overt act to further the object or course of action was committed; and 5) the plaintiff suffered injury as a result. A review of the complaint shows that facts are sufficiently plead to support the conspiracy allegation.

**IV.    CONCLUSION**

Milliman's Motion is DENIED. Plaintiffs' have sufficiently plead both their RICO and state law claims to satisfy both Rules 8(a) and 9(b) of the Federal Rules.

SIGNED this 13th day of February, 2009.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE