# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| MALCOLM RENWICK AND RENWICK & ASSOCIATES, P.C., <br> Plaintiffs, <br><br> v. <br><br> ARCHER D. BONNEMA, et. al,. <br> Defendants. | § <br> § <br> § <br> § CIVIL ACTION NO. 2:08-CV-337 (TJW) <br> § <br> § <br> § <br> § |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant BKD, LLP's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b). (Dkt. No. 47) Having considered the Motion and related briefing, the Court DENIES the Motion for the reasons set forth below.

**I.      BACKGROUND**

Plaintiffs filed this civil Racketeer Influenced and Corrupt Organizations ("RICO") action against BKD and others on September 3, 2008. Plaintiffs allege that the defendants in this case devised a scheme to sell life insurance policies shrouded in the cloak of a "multiple employer welfare benefit plan" called "The Millennium Plan" ("the Plan"). The Plan, Plaintiffs allege, was purported to be an ERISA plan that qualified as a "10 or more employer plan." Plaintiffs allege that investors in the Plan were told that later in life they could withdraw their invested funds to meet various needs. Plaintiffs allege, however, that 100% of the invested funds were used to purchase life insurance policies which generated enormous commissions for the promoters. Plaintiffs maintain the defendants knew the Plan is not a valid ERISA plan, and does not qualify as a special tax investment under IRC § 419A(f)(6). Plaintiffs claim the Plan was devised solely to facilitate the sale of life insurance polices that generated commissions and fees for the defendants.

Defendant BKD is alleged to have actively participated in the scheme by billing and collecting money. Plaintiff alleges that BKD's top level management read the Plan formation documents, were familiar with the applicable IRS regulations, statutes and notices pertaining to schemes of this kind, and must have and did realize that the Plan was a fraudulent scheme. Plaintiffs bring claims against BKD for violations of 18 U.S.C. § 1962(c) and (d); breach of fiduciary duty; unjust enrichment; violations of chapter 541 of the Texas Insurance Code; violations of the Texas Deceptive Trade Practices Act; and conspiracy. BKD now seeks dismissal of all claims against it.

## II. LEGAL STANDARD

The legal standard for dismissing claims under FED. R. CIV. P. 12 ("Rule 12") is well established. Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court has held that a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, but the plaintiff's obligation to state the grounds of entitlement to relief requires "more than labels and conclusions." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-65 (2007). The factual allegations must be sufficient to raise a "right to relief above the speculative level." *Id.* at 1965. The Court must assume that the allegations in the complaint are true. *See id*; *Neitzke v. Williams,* 490 U.S. 319 (1989). "What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations." *Id.* at 328. The "issue is not whether [the plaintiffs] will ultimately prevail, but whether [they are] entitled to offer evidence to support [their] claim." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

"Claims under RICO, 18 U.S.C. § 1962, have three common elements: '(1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment,

conduct, or control of an enterprise.'" *St. Germain v. Howard*, __ F.3d __, (5th Cir. 2009), 2009 WL 117944 at *1 (internal citations omitted). A pattern of racketeering consists of two or more predicate criminal acts. *Id.* Mail fraud and wire fraud are such predicate acts. *Id.*

### III. DISCUSSION

#### A. RICO Claims

BKD first argues that Plaintiffs have not adequately alleged that BKD participated in the Operation and Management of a RICO enterprise. *See Reves v. Ernst & Young*, 507 U.S. 170, 173 (1992). BKD's interpretation of *Reves*, however, is much too narrow. In *Reves*, the Supreme Court made clear that "operation and management" does not necessarily mean only those with primary responsibility, but also includes those who had "some part" in directing the enterprise:

> In order to "participate, directly or indirectly, in the conduct of such enterprise's affairs," one must have some part in directing those affairs. Of course, the word "participate" makes clear that RICO liability is not limited to those with primary responsibility for the enterprise's affairs, just as the phrase "directly or indirectly" makes clear that RICO liability is not limited to those with a formal position in the enterprise, but *some* part in directing the enterprise's affairs is required.

*Id.* At this stage in the litigation, BKD's alleged role is sufficient to satisfy the *Reves* standard.

BKD also argues that Plaintiffs have failed to sufficiently plead allegations under 18 U.S.C. § 1962 (c) and (d). Section 1962 (d) makes it unlawful "to conspire to violate any provisions of subsection (a), (b), or (c) of this section." A complaint claiming such an violation must allege an agreement to commit predicate acts of racketeering. BKD urges Plaintiffs have failed to plead such an agreement. The court rejects that argument. A review of the complaint and RICO Case Statement shows that Plaintiffs have sufficiently plead violations under 1962 (c) and (d) against BKD.

#### B. State Law Claims

BKD next argues that all of Plaintiffs' state law claims should be dismissed for being insufficiently plead. First, Plaintiff brings a state law claim for breach of fiduciary duty. BKD argues it can not as a matter of law be a fiduciary to Plaintiffs, because it only performed ministerial duties. As Plaintiffs point out, that is irrelevant. Under Texas law, "where a third party knowingly participates in the breach of a duty of a fiduciary, such third party becomes a joint tortfeasor with the fiduciary and is liable as such." *Meadows v. Hartford Life Ins. Co.*, 492 F.3d 634, 639 (5th Cir. 2007). Plaintiffs have sufficiently plead to establish a claim for knowing participation in a breach of fiduciary duty.

Next, BKD seeks dismissal of Plaintiffs' unjust enrichment claims, arguing it never held any of the plaintiffs' money. That is irrelevant for the plaintiffs' unjust enrichment. Plaintiffs allege that BKD received money as a result of the Plan's fraud. A party may recover under an unjust enrichment theory "when one person has obtained a benefit from another by fraud, duress, or the taking of undue advantage." *Heldenfel Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992). Additionally, BKD argues Plaintiffs did not plead the requisite fraud allegations sufficiently under FRCP 9(b) for an unjust enrichment action. BKD seeks pleadings beyond what is required by Rule 9(b), however. "Rule 9(b) does not require nor make legitimate the pleading of detailed evidentiary matter." *Landry v. Air Line Pilots Ass'n Int'l*, AFL-CIO, 901 F.2d 404, 430 n. 92 (5th Cir. 1990). Plaintiffs have plead sufficiently under FRCP 9(b), in that the allegations are supported by the "particulars of time, place and contents." *See Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992). Indeed, Plaintiffs' sixty page complaint is quite detailed

4

and certainly puts BKD on notice of the substance of Plaintiffs' fraud claims.[1] Plaintiffs plead facts sufficient to establish a claim for unjust enrichment.

## IV. CONCLUSION

BKD's Motion is DENIED in its entirety. Plaintiffs' have sufficiently plead both their RICO and state law claims to satisfy both Rules 8(a) and 9(b) of the Federal Rules.

SIGNED this 13th day of February, 2009.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE

---

[1] For the same reasons, the court also rejects BKD's arguments that the claims for violations of the Texas Insurance code and DTPA should be dismissed.