# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| MALCOLM RENWICK AND RENWICK & ASSOCIATES, P.C., §<br>Plaintiffs, § § § §<br>v. § §<br>ARCHER D. BONNEMA, et. al,. §<br>Defendants. § | CIVIL ACTION NO. 2:08-CV-337 (TJW) |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants Barrow's and Cocks' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b).[1] (Dkt. No. 22) Having considered the Motion and related briefing, the Court DENIES the Motion for the reasons set forth below.[2]

**I.     BACKGROUND**

Plaintiffs filed this civil Racketeer Influenced and Corrupt Organizations ("RICO") action against Barrow, Cocks, and others on September 3, 2008. Plaintiffs allege that the defendants in this case devised a scheme to sell life insurance policies shrouded in the cloak of a "multiple employer welfare benefit plan" called "The Millennium Plan" ("the Plan"). The Plan, Plaintiffs allege, was purported to be an ERISA plan that qualified as a "10 or more employer plan." Plaintiffs allege that investors in the Plan were told that later in life they could withdraw their invested funds to meet

---

[1] Defendants alternatively seek a RICO Case Statement from the Plaintiffs. That request is DENIED as MOOT, as the court has already ordered the Plaintiffs to file a RICO Case Statement (Dkt. No. 55).

[2] Barrow and Cocks have included arguments and documents in their Motion that are wholly improper for a 12(b)(6) motion. The issue in a 12(b)(6) motion is not whether the plaintiffs will ultimately prevail, but whether they have stated a claim sufficient to offer evidence to support their claim. Those documents and arguments outside of the pleadings are stricken from Barrow's and Cocks' Motion.

various needs. Plaintiffs allege, however, that 100% of the invested funds were used to purchase life insurance policies which generated enormous commissions for the promoters. Plaintiffs maintain the defendants knew the Plan is not a valid ERISA plan, and does not qualify as a special tax investment under IRC § 419A(f)(6). Plaintiffs claim the Plan was devised solely to facilitate the sale of life insurance polices that generated commissions and fees for the defendants.

Plaintiffs allege Barrow created and ran the Plan from its inception until sometime in 2007 when Cocks then took over as the Plan Chairman responsible for all actions of the Plan. Plaintiffs urge Barrow and Cocks took efforts to hide the fact that the Plan was not a qualified ERISA plan.

## II. LEGAL STANDARD

The legal standard for dismissing claims under FED. R. CIV. P. 12 ("Rule 12") is well established. Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court has held that a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, but the plaintiff's obligation to state the grounds of entitlement to relief requires "more than labels and conclusions." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-65 (2007). The factual allegations must be sufficient to raise a "right to relief above the speculative level." *Id.* at 1965. The Court must assume that the allegations in the complaint are true. *See id*; *Neitzke v. Williams,* 490 U.S. 319 (1989). "What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations." *Id.* at 328. The "issue is not whether [the plaintiffs] will ultimately prevail, but whether [they are] entitled to offer evidence to support [their] claim." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

"Claims under RICO, 18 U.S.C. § 1962, have three common elements: '(1) a person who

2

engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise.'" *St. Germain v. Howard*, __ F.3d __, (5th Cir. 2009), 2009 WL 117944 at *1 (internal citations omitted).

## III. DISCUSSION

### A. RICO Claims

First, Barrow and Cocks argue that Plaintiffs' complaint is defective because it fails to plead facts showing that the "enterprise" has an existence separate from the alleged pattern of racketeering activity. A RICO enterprise must be "an entity separate and apart from the pattern of activity in which it engages." *Whelan v. Winchester Production Co.*, 319 F.3d 225, 229 (5th Cir. 2003). "An enterprise is a group of persons or entities associating together for the common purpose of engaging in a course of conduct." *Id.* (citing *United States v. Turkette*, 452 U.S. 576, 583 (1981)). "The enterprise may be a legal entity or 'any union or group of individuals *associated in fact* although not a legal entity. The plaintiff alleging an association-in-fact enterprise must adduce evidence demonstrating 'an ongoing organization, formal or informal, and . . . evidence that the various associates function as a continuing unit'." *Id* (internal citations omitted).

The court need not reach the question of whether Plaintiffs have sufficiently pled an association-in-fact enterprise. In the instant case, Plaintiffs allege that The Millennium Plan holds itself out as a legal entity, and is itself the RICO enterprise. Indeed, The Millennium Plan is a named defendant in the action. Plaintiffs, therefore, have sufficiently pled a RICO enterprise.

Barrow and Cocks also argue that Plaintiffs have failed to sufficiently plead allegations under 18 U.S.C. § 1962 (d). Section 1962 (d) makes it unlawful "to conspire to violate any provisions of subsection (a), (b), or (c) of this section." A complaint claiming such an violation must allege an

3

agreement to commit predicate acts of racketeering. Barrow and Cocks urge Plaintiffs have failed to plead such an agreement. The court rejects that argument. A review of the complaint and RICO Case Statement shows that Plaintiffs have sufficiently plead a violation under 1962 (d) against both Barrow and Cocks.

Finally, the Court addresses Barrow's and Cocks' motion to dismiss Plaintiffs' RICO claims because Plaintiffs' fraud claims are inadequately pled under Rule 9(b). Barrow and Cocks seek pleadings beyond what is required by Rule 9(b), however. "Rule 9(b) does not require nor make legitimate the pleading of detailed evidentiary matter." *Landry v. Air Line Pilots Ass'n Int'l*, AFL-CIO, 901 F.2d 404, 430 n. 92 (5th Cir. 1990). Plaintiffs have plead sufficiently under Rule 9(b), in that the allegations are supported by the "particulars of time, place and contents." *See Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992). Indeed, Plaintiffs' sixty page complaint is quite detailed and certainly puts Barrow and Cocks on notice of the substance of Plaintiffs' fraud claims.

## IV. CONCLUSION

Barrow's and Cocks' Motion is DENIED in its entirety. Plaintiffs' have sufficiently plead both their RICO claims to satisfy both Rules 8(a) and 9(b) of the Federal Rules.

SIGNED this 13th day of February, 2009.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE