# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| MALCOLM RENWICK AND RENWICK & ASSOCIATES, P.C., § § | |
| Plaintiffs, § | |
| § | CIVIL ACTION NO. 2:08-CV-337 (TJW) |
| v. § | |
| § | |
| ARCHER D. BONNEMA, et. al,. § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Defendants Archer Bonnema's and Jacob Bonnema's (collectively "the Bonnemas") Motion to Dismiss and Amended Motions to Dismiss.[1] (Dkt. Nos. 66, 67, 93, and 94) Having considered the Motions and related briefing, the Court DENIES the Motions for the reasons set forth below.

## I. BACKGROUND

Plaintiffs filed this civil Racketeer Influenced and Corrupt Organizations ("RICO") action against the Bonnemas, and others on September 3, 2008. Plaintiffs allege that the defendants in this case devised a scheme to sell life insurance policies shrouded in the cloak of a "multiple employer welfare benefit plan" called "The Millennium Plan" ("the Plan"). The Plan, Plaintiffs allege, was purported to be an ERISA plan that qualified as a "10 or more employer plan." Plaintiffs allege that investors in the Plan were told that later in life they could withdraw their invested funds to meet various needs. Plaintiffs allege, however, that 100% of the invested funds were used to purchase life insurance policies which generated enormous commissions for the promoters. Plaintiffs maintain the defendants knew the Plan is not a valid ERISA plan, and does not qualify as a special tax

---

[1]The court considers both Defendants' Motions together because their alleged participation in the scheme is the same, and their arguments for dismissal are the same.

investment under IRC § 419A(f)(6). Plaintiffs claim the Plan was devised solely to facilitate the sale of life insurance polices that generated commissions and fees for the defendants.

Plaintiffs allege that the Bonnemas sold the Plan and insurance policy to the plaintiffs through the use of fraudulent statements and representations learned by them at the "Millennium University." Plaintiffs allege "Millennium University" is a training seminar in which Defendants Barrow, Bevan and Ridge use to recruit others to sell policies through the Plan.

## II. LEGAL STANDARD

The legal standard for dismissing claims under FED. R. CIV. P. 12 ("Rule 12") is well established. Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court has held that a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, but the plaintiff's obligation to state the grounds of entitlement to relief requires "more than labels and conclusions." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-65 (2007). The factual allegations must be sufficient to raise a "right to relief above the speculative level." *Id.* at 1965. The Court must assume that the allegations in the complaint are true. *See id*; *Neitzke v. Williams,* 490 U.S. 319 (1989). "What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations." *Id.* at 328. The "issue is not whether [the plaintiffs] will ultimately prevail, but whether [they are] entitled to offer evidence to support [their] claim." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

"Claims under RICO, 18 U.S.C. § 1962, have three common elements: '(1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise.'" *St. Germain v. Howard*, __ F.3d __, (5th Cir. 2009), 2009 WL

2

117944 at *1 (internal citations omitted). Mail and wire fraud are such predicate acts. *Id.*

**III. DISCUSSION**

First, the Bonnemas argue that Plaintiffs RICO claims fail because Plaintiffs can not show they relied on any misrepresentations made by them. In fact, they argue the Plaintiffs disclaimed any reliance in the Plan contracts. The Bonnemas miss the point. The RICO claims rest on the predicate acts of mail and wire fraud. Defendants' argument that Plaintiffs disclaimed any reliance on their legal advice and representations in the Plan contracts is irrelevant. Furthermore, the plaintiffs' allegations are that they were fraudulently induced to participate in the Plan. Contracts procured by fraud have no effect. *Davis v. Estridge*, 85 S.W.3d 308, 311 (Tex. App.–Tyler 2001, pet. denied).

Next, the Bonnemas argue the Plaintiffs do not plead "a pattern of racketeering" in their complaint, because the mail and wire fraud have not been pled with particularity under Rule 9(b). Further, the Bonnemas argue, the pleadings do not allege that any of the mail and wire fraud is specifically attributed to them. First, the Bonnemas seek pleadings beyond what is required by Rule 9(b). "Rule 9(b) does not require nor make legitimate the pleading of detailed evidentiary matter." *Landry v. Air Line Pilots Ass'n Int'l*, AFL-CIO, 901 F.2d 404, 430 n. 92 (5th Cir. 1990). Plaintiffs have plead sufficiently under FRCP 9(b), in that the allegations are supported by the "particulars of time, place and contents." *See Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992). Indeed, Plaintiffs' sixty page complaint is quite detailed and certainly puts Defendants on notice of the substance of Plaintiffs' fraud claims. Additionally, to establish a claim for mail fraud, Plaintiffs need only demonstrate that the Bonnemas were involved in a scheme to defraud through the use of mails for the purpose of executing the scheme:

> [a] defendant need not personally have made the communication on which the wire

fraud count is based, nor have directed that it be made. "The test to determine whether a defendant caused [interstate wire facilities] to be used is whether the use was reasonably foreseeable." *United States v. Massey,* 827 F.2d 995, 1002 (5th Cir.1987)(interpreting the mail fraud statute). For a defendant to be convicted of wire fraud, it is sufficient that the defendant could reasonably have foreseen the use of the wires...

*U.S. v. Richards*, 204 F.3d 177, 207 (5th Cir. 2000). The Bonnemas' arguments, therefore, fail. Likewise, the harm caused is attributable to all of the defendants in a RICO case. Therefore, the Bonnemas' argument that no harm is attributable to them also fails.

The Bonnemas also argue that Plaintiffs have failed to sufficiently plead allegations under 18 U.S.C. § 1962 (d). Section 1962 (d) makes it unlawful "to conspire to violate any provisions of subsection (a), (b), or (c) of this section." A complaint claiming such an violation much allege an agreement to commit predicate acts of racketeering. The Bonnemas urge Plaintiffs have failed to plead such an agreement. The court rejects that argument. A review of the complaint and RICO Case Statement shows that Plaintiffs have sufficiently plead a violation under 1962 (d) against the Bonnemas.

### IV. CONCLUSION

The Bonnemas' Motions are DENIED in their entirety. Plaintiffs' have sufficiently plead both their RICO claims to satisfy both Rules 8(a) and 9(b) of the Federal Rules.

SIGNED this 6th day of March, 2009.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE